JAMES M. CLARK & others *vs.* CAROLINE M. HENDERSON & others.

October Term, 1873.

SUPERSEDEAS OF MONEYED DECREE.—Chancery will not supersede the execution of its own decree for money except upon bond, with good security, sufficient to secure the debt sought to be enjoined.

*John A. Campbell,* for petitioners.
*N. S. Brown,* for defendants.

THE CHANCELLOR :—The object of this petition is to supersede an execution issued upon a judgment or decree of this court. It is partly based upon supposed errors in the judgment or decree; partly upon matters which happened at the time of taking the decree, and which entitle the petitioner to relief; and partly upon events which have happened since the rendition of the decree. The only mode known to a a court of chancery for the correction of such errors are either appellate, by bill of review, original bill in the nature of a bill of review, writ of error *coram nobis*, or *supersedeas* in lieu of *audita querela.* It is obvious that inasmuch as no persons are made defendants to the petition, and as it asks only for a *supersedeas* or injunction, this petition can only fall under the last head. But in whatever light the application was intended to be viewed, or however it may be

construed, the settled rule of the Court of Chancery, and of our statutory law, is to require security for the debt. The ordinances of Lord Bacon required decrees to be executed before they could be impeached, and wherever these rules have been modified by statute, or departed from in practice, it has always been upon the terms of requiring security for the amount of the judgment or decree, either by the payment of the money into court, or by personal bond with good security. Such a bond is required for a *supersedeas* upon writ of error *coram nobis*, Code, § 3,112 ; upon *certiorari* or *supersedeas* in any of the cases in which these writs can be resorted to, Code, § 3,131 ; upon an injunction against the execution of a judgment, Code, § 4,439 ; and upon bill of review. Code, § 4,491. Under these circumstances, the duty of the court in this case is plain. It must, before it supersedes its own execution, require a bond, with good security, in double the amount of the judgment sought to be superseded or enjoined, conditioned to pay the amount of the judgment, with interest, damages and costs, or to perform the decree of the court in case the injunction is dissolved. This pre-requisite not having been required in the present case, the *supersedeas* or injunction must be discharged or dissolved.

I have grave doubts whether the petition is so framed as to entitle the petitioner to an injunction, and whether, if correct in form, it contains matters of equity sufficient to sustain the injunction. But, in view of the amount involved and the short time for consideration before the sale threatened under the execution, the petitioner may now have an injunction until further order upon giving bond with good security as required above.